**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| EDWARD URBANIAK,<br><br>　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>AJ KHUBANI<br> and<br>TELEBRANDS CORP. d/b/a/ BULBHEAD,<br><br>　　　　　　　　　　*Defendants*. | Case No:<br><br> **NOTICE OF REMOVAL**<br><br>(Removed from the Circuit Court of<br>Loudoun County, CL No. 2019-00815)<br><br>State Action Filed: May 22, 2019 |

<u>**NOTICE OF REMOVAL**</u>

# **EXHIBIT A**



# COMMONWEALTH of VIRGINIA

### *Secretary of the Commonwealth*

POST OFFICE BOX 2452

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Aj Khubani
One Telebrands Plaza
Fairfield , NJ 07004
United States

7/11/2019

Edward Urbaniak

vs.

Aj Khubani

**Summons and Complaint
Notice**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Loudoun County Circuit Court
18 East Market Street, 3rd Floor
PO Box 550
Leesburg, VA 20178

Service of Process Clerk
Secretary of the Commonwealth's
Office

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Virginia     VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

Case No. .......... CL19-815

Loudoun County Circuit Court .......... Circuit Court

.......... Edward Urbaniak ..........          v.          .......... AJ KHUBANI ..........

.......... 47807 Blockhouse Point Place ..........                  One Telebrands Plaza

.......... Sterling VA, 20165 ..........                  Fairfield NJ, 07004

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:   ☒ Summons and Complaint          ☐ Notice
                                                ☐

I, the undersigned Affiant, state under oath that
☒ the above-named defendant     ☐

whose last known address is   ☒ same as above ☐ ..........

1.   ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2)

2.   ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......... is the hearing date and time on the attached process or notice (if applicable).

5 July 2019
DATE          ☐ PARTY ☒ PARTY'S ATTORNEY ☐ PARTY'S AGENT ☐ PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of   Virginia   ☐ City ☐ County of   Fairfax

Acknowledged, subscribed and sworn to before me this day by   W. Edward   ReBrook IV   VSB# 84719

7/5/2019
DATE          ☐ CLERK ☐ MAGISTRATE ☒ NOTARY PUBLIC
              PRINT NAME OF SIGNATORY

Notary Registration No. 7822223   My commission expires: 01/31/2023

☐ Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

CRISTIAN FUNES
Notary Public 7822223
Commonwealth of Virginia
My Commission Expires 01/31/2023

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.   On .......... JUL 0 8 2019 .........., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.   On .......... JUL 1 1 2019 .........., papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

.......... SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

VIRGINIA:

## IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

EDWARD URBANIAK,                         )
                                         )
            *Plaintiff,*                  )
                                         )
v.                                       )
                                         )
AJ KHUBANI                               )        Case No: CL19-815
                                         )
and                                      )        **JURY TRIAL DEMANDED**
                                         )
TELEBRANDS CORP.                         )
                                         )
d/b/a BULBHEAD.                          )
                                         )
            *Defendants.*                 )

---

SERVE:    AJ KHUBANI          SERVE:    TELEBRANDS CORP.,
          One Telebrands Plaza           d/b/a BULBHEAD
          Fairfield, NJ 07004            One Telebrands Plaza
                                         Fairfield, NJ 07004

## COMPLAINT FOR DAMAGES

COMES NOW your Plaintiff, EDWARD URBANIAK ("Plaintiff"), *by counsel,* who bring this actions against the Defendants, AJ KHUBANI and TELEBRANDS CORP. (individually "Defendant" and collectively as "Defendants"), both jointly and severally, on the grounds and praying for relief hereinafter set forth:

## PARTIES

1.      Plaintiff is a small business owner and a citizen of the Commonwealth of Virginia with his primary residence located at 47807 Blockhouse Point Place, Sterling, Virginia 20165.

---

2.      On information and belief, Defendant AJ KHUBANI is the CEO and Founder of

TELEBRANDS CORP., d/b/a BULBHEAD, and a citizen of the State of New Jersey with his

primary business address located at One Telebrands Plaza, Fairfield, NJ 07004 in the County of

Essex.

3.      On information and belief, Defendant TELEBRANDS CORP. is, and at all times

relevant hereto has been, a Corporation organized in and existing under the laws of the State of New

Jersey with its primary business address located at One Telebrands Plaza, Fairfield, NJ 07004.

## JURISDICTION AND VENUE

4.      This is an action for Tortious Interference with Contractual Relations, Defamation,

and Common Law Unfair Competition arising under the laws of the Commonwealth of Virginia.

5.      Jurisdiction is proper in this Court, pursuant to § 17.1-513, §8.01-328.1(A)(1), §

8.01-328.1(A)(3), §8.01-328.1(A)(4) and of the Code of Virginia.

6.      Venue is proper in this Court, pursuant to § 8.01-260 and § 8.01-261 of the Code of

Virginia.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff runs his own self proprietorship that buys goods from a variety of sources

and re-sells them on the Amazon.com marketplace.

8.      Plaintiff's business is his primary source of income.

9.      Among the many items Plaintiff sells, or attempted to sell, are BulbHead Star Shower

Window Wonderland, BulbHead Star Shower Slide Show, and Star Shower Motion Laser Light,

which he purchased in bulk from Wal-Mart.

10.     On or about November 14 and 15, 2018, Amazon.com removed Plaintiff's product listings after having received complaints from TELEBRAND CORP. for trademark infringement and selling counterfeit BulbHead products.

11.     Plaintiff has never sold a single counterfeit item on the Amazon Marketplace or anywhere else.

12.     On or about March 19, 2019, Amazon.com informed Plaintiff that his account was in jeopardy specifically due to the aforementioned complaints by BulbHead and that he had 72 hours to prove that the BulbHead items that he was selling were not counterfeit or violating BulbHead's IP.

13.     Due to Amazon's listing policies, they would not accept a receipt from Wal-Mart as proof that the items listed were not counterfeit.

14.     On or about March 20, 2019, Plaintiff emailed BulbHead asking them to remove the unfounded complaints, putting Defendants on notice that they had filed a false claim with Amazon.com.

15.     On the same date, Plaintiff contacted Amazon regarding the complaints and how he planned to avoid and deal with future complaints.

16.     On or about March 30, 2019, Amazon deactivated all of Plaintiff's listings, including listings entirely unrelated to BulbHead, cutting off his primary source of income.

17.     On or about April 1, 2019, Plaintiff sent a demand *pro se* letter to BulbHead insisting that they retract their unfounded complaints against him.

18.     On or about April 12, 2019, BulbHead emailed Plaintiff (apparently in response to his 4/1 letter) stating that they had submitted a request to Amazon to remove the complaints that were in "error."

19.     On or about April 13, 2019, after reaching out to Amazon and being unable to confirm BulbHead's withdrawal, Plaintiff replied to BulbHead asking for more information about their withdrawal.

20.     On or about April 14, 2019, after a lack of communication from BulbHead and with his account still deactivated with Amazon, Plaintiff hired counsel to write an attorney demand letter to BulbHead insisting that they contact Amazon to inform them that the counterfeit claims, trademark violation complaints, and other intellectual property complaints were submitted without due diligence.

21.     On or about April 19, 2019, BulbHead emailed Plaintiff with screen shots of their first and second attempts to remove their IP complaints. The screen shots stated that BulbHead's original complaints were "in error."

22.     On or about April 25, 2019, Amazon finally re-activated Plaintiff's account.

23.     On or about April 26, 2019, Defendants' counsel, Robert T. Maldonado, wrote to Plaintiff's counsel informing him that they were in receipt of Plaintiff's demand letter and would respond accordingly within one calendar week.

24.     Apart from the aforementioned April 26 email, neither Defendants nor their counsel have responded.

25.    During the interim from when his account was suspended and reactivated, Plaintiff

lost $17,091.91 USD[1] in revenue which would not have occurred but for Defendants' spurious

complaints filed with Amazon.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

26.    Plaintiff hereby re-alleges all the preceding paragraphs in this Complaint with full

force and vigor as if fully stated herein.

27.    Plaintiffs seeking recovery for Tortious Interference must establish four elements

under Virginia law, including: (i) the existence of a valid contractual relationship or business

expectancy; (ii) knowledge of the relationship or expectancy on the part of the interfering party; (iii)

intentional interference inducing or causing a breach or termination of the relationship or expectancy;

and (iv) resultant damage to the party whose relationship or expectancy has been disrupted.

28.    By the time Defendants had lodged their spurious complaint with Amazon.com,

Plaintiff had an ongoing contractual relationship with Amazon.com for 5 years, generating

approximately $327.534.43 USD in revenue in the 2018 calendar year..

29.    Defendants knowledge of Plaintiffs contractual relationship with Amazon is evident

by the fact that Defendants filed complaints with Amazon regarding Plaintiff's sales and listings of

BulbHead products on the Amazon Marketplace.

30.    Due to Defendants' untrue allegations that Plaintiff was selling counterfeit BulbHead

products on the Amazon Marketplace, where BulbHead also sells the same and other products,

---

1 **Note**: Plaintiffs average expected revenue during the time-frame which his account was deactivated was
approximately $657.38 USD per day. This is based on Plaintiff's average daily revenue from previous years.

Plaintiff's account was deactivated for nearly a month, his listings were removed, and he was unable to make any sales while the matter was ongoing. .

31.     This disruption in sales activity caused a Plaintiff to lose $17,091.91 USD in expected revenue from his Amazon store.

32.     During all times relevant, there was a competitive relationship between the Parties.

33.     Although Defendants had already profited from the sale of their products to Wal-Mart, it is clear that they felt threatened by the fact that a merchant was selling their products for less money on the Amazon Marketplace.

34.     If that competitive relationship between the parties did not exist, Defendants would not have filed their complaints with Amazon in the first place.

35.     At no time before, during, or after the events for which this complaint addresses did Defendants have any reason to believe that the products being sold by Plaintiff were counterfeit.

36.     Regardless of Defendants' knowledge, they filed their misbegotten complaint with Amazon anyway.

37.     Defendants actions amount to "such recklessness or negligence as to evince a conscious disregard of the rights of . . ." the Plaintiff.[2]

38.     Plaintiff has suffered economic damages as a direct result of Defendant's actions.

39.     Accordingly, Defendants are liable, jointly and severally, to Plaintiff for damages to be proven at trial.

---

2   See *Hamilton Dev. Corp. v. Broad Rock Club, Inc.*, 248 Va. 40 (1994).

40.     To the extent permitted under applicable law, the Defendants' conduct warrant an assessment of punitive damages in an amount sufficient to deter such conduct in the future.

41.     The principles of equity and good conscience demand that the Defendants make full and complete restitution to the Plaintiff.

42.     Defendant AJ KHUBANI's actions (and lack of action) at all times relevant, including not responding to Plaintiffs demand letter or Plaintiff's attorney's demand letter in a timely manner after being on notice, demand the piercing of the corporate veil and that Defendant not be given the shield of his company's limited liability protections.

43.     Defendants should be required to disgorge all monies, profits, and gains which they obtained through online sales in the Amazon Marketplace during the period which Plaintiff's account was deactivated, and a Constructive Trust should be imposed thereon for the benefit of the Plaintiff.

## COUNT II

## DEFAMATION OF CHARACTER

44.     Plaintiff hereby re-alleges all the preceding paragraphs in this Complaint with full force and vigor as if fully stated herein.

45.     Under Virginia Law, defamation is a false statement of fact published or communicated to another person that causes injury to the reputation of the subject of the statement.

46.     Defamation *per se* exists when the defamatory statement involves words that: (i) impute commission of a criminal offense involving moral turpitude; (ii) impute infection with some contagious disease; (iii) impute unfitness to perform the duties of an office or employment, or want of integrity in the discharge of such duties, or (iv) prejudice a person in his profession or trade.

47.     Defendants knew, or should have known, that the products which Plaintiff had listed on the Amazon Marketplace were, in fact, genuine BulbHead products.

48.     Defendants knowingly communicated false information to Amazon.com regarding Plaintiffs Amazon listings, claiming they were "counterfeit" BulbHead products.

49.     As a direct result of Defendants' false communication of material fact to Amazon.com, Plaintiff's account was deactivated for nearly a month.

50.     Plaintiff lost $17,091.91 USD in expected revenue during this period, not only from his inability to sell the BulbHead products which he had legally purchased, but also from his inability to sell anything whatsoever during the deactivation period.

51.     Selling counterfeit items under the guise of selling genuine items is a crime of moral turpitude.

52.     To claim that a person is selling counterfeit items under the guise of selling genuine items is a *de facto* insinuation of a want of integrity in the operation of one's business.

53.     False claims of peddling counterfeit products prejudiced Plaintiff in his trade, not only with customers Plaintiff has built a reputation with and sold products to, but also with Amazon.com, with whom Plaintiff had an uninterrupted and successful relationship until the filing of Defendant's defamatory claims.

54.     Defendants' false accusations of peddling counterfeit products has *per se* defamed Plaintiff, resulting in actual damages in an amount to be proven at trial.

55.     Defendants' conduct amounts to a willful and wanton disregard of the Plaintiffs rights.[3]

---

[3] See *Coalson v. Canchola*, 287 Va. 242 (2014).

56.     Accordingly, Defendants are liable, jointly and severally, to Plaintiff for damages to be proven at trial.

57.     To the extent permitted under applicable law, the Defendants' conduct warrant an assessment of punitive damages in an amount sufficient to deter such conduct in the future.[4]

58.     The principles of equity and good conscience demand that the Defendants make full and complete restitution to the Plaintiff.

59.     Defendant AJ KHUBANI's actions (and lack of action) at all times relevant demand the piercing of the corporate veil and that Defendant not be given the shield of his company's limited liability protections.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

60.     Plaintiff hereby re-allege all the preceding paragraphs in this Complaint with full force and vigor as if fully stated herein.

61.     Under the Common Law – recognized by Virginia for all English Common Law enacted through the reign of James II of England unless otherwise abrogated by specific Virginia legislation or the United States Constitution – Unfair Competition is a deceptive business practice that causes economic harm to other businesses or to consumers.

62.     Unfair Competition includes the spreading of false information about the quality or characteristics of a competitor's products.

63.     Parties are competitors and Defendants were aware of this fact.

---

4 See *Newspaper Publishing Corp. v. Burke*, 216 Va. 800 (1976) (finding that defamation *per se* claims often support punitive damage claims even in the absence of pecuniary damages.).

64.     Defendants' assertion to Amazon.com that Plaintiff was selling counterfeit products was a false characterization and a misrepresentation which gave Defendants an unfair advantage over Plaintiff.

65.     By reason of the foregoing, the Defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of the common law.

66.     Such conduct on the part of Defendants has caused and will continue to cause damages to Plaintiff in an amount to be determined at trial.

WHEREFORE, the Plaintiff, EDWARD URBANIAK, demands judgment against the Defendants, AJ KHUBANI and TELEBRANDS CORP., d/b/a BULBHEAD, jointly and severally, as follows:

1.     For an award of compensatory damages and lost revenue for economic harm suffered by the Plaintiff at the hands of the Defendants in an amount to be proven at trial, but not less than $17,091.91 USD, including pre- and post-judgment interest;

2.     For punitive damages in the amount of $65,000.00 USD to deter Defendants from engaging is similar conduct in the future;

3.     For Plaintiff's costs, including reasonable attorney's fees[5] and court costs;

4.     For such other and further relief as this Honorable Court deems fair and just;

**PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.**

Dated: May 22, 2019

---

5 See *Kemp v. Miller*, 166 Va. 661, 680, 186 S.E. 99, 106 (1936) (holding that Plaintiffs are entitled to Reasonable Attorney's Fees under the Bad-Faith Exception to the American Rule for Defendant's vexatious, willful, and wanton behavior as to do justice between the parties.).

EDWARD URBANIAK
*By Counsel*

W. Edward ReBrook, IV, Esquire, VSB #84719
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
571.215.9006
Edward@ReBrookLaw.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing complaint has been served

through the Secretary of the Commonwealth of Virginia this 18th day of June, 2019 upon

Defendants AJ KHUBANI and TELBRANDS CORP at the following address:

One Telebrands Plaza
Fairfield, NJ 07004

W. Edward ReBrook, IV
*Counsel for the Plaintiff*

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. _CL 19 - 815_
(CLERK'S OFFICE USE ONLY)

............ LOUDOUN COUNTY ............

EDWARD URBANIAK ............................. Circuit Court
PLAINTIFF(S)  v./In re:  AJ KHUBANI and TELEBRANDS CORP.

47807 Blockhouse Point Place, Sterling, VA 20165    DEFENDANT(S)
One Telebrands Plaza, Fairfield, NJ 07004.

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Counterclaim
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
    [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[x] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of (select one)
    [ ] ABC Board
    [ ] Board of Zoning
    [ ] Compensation Board
    [ ] DMV License Suspension
    [ ] Employee Grievance Decision
    [ ] Employment Commission
    [ ] Local Government
    [ ] Marine Resources Commission
    [ ] School Board
    [ ] Voter Registration
    [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
    [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
    [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
    [ ] Complaint – Contested*
    [ ] Complaint – Uncontested*
    [ ] Counterclaim/Responsive Pleading
    [ ] Reinstatement –
    Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
    [ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
    [ ] Guardian/Conservator
    [ ] Standby Guardian/Conservator
    [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
    [ ] Impress/Declare/Create
    [ ] Reformation
[ ] Will (select one)
    [ ] Construe
    [ ] Contested

## MISCELLANEOUS
[ ] Amend Death Certificate
[ ] Appointment (select one)
    [ ] Church Trustee
    [ ] Conservator of Peace
    [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
    [ ] Reinstatement pursuant to § 46.2-427
    [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
    [ ] Correct Erroneous State/Local
    [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[x] Damages in the amount of $ _82,091.91_ ............... are claimed.

_06/18/2019_
DATE
[ ] PLAINTIFF  [ ] DEFENDANT  [x] ATTORNEY FOR [x] PLAINTIFF [ ] DEFENDANT

VSB # 84719

_W. Edward ReBrook, IV_
PRINT NAME

_The ReBrook Law Office_
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

_6013 Clerkenwell Court, Burke, VA 22015_

EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

**NON-RESIDENCE GROUNDS REQUIREMENT:**

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1.   Transacting any business in this Commonwealth;

2.   Contracting to supply services or things in this Commonwealth;

3.   Causing tortious injury by an act or omission in this Commonwealth;

4.   Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5.   Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6.   Having an interest in, using, or possessing real property in this Commonwealth;

7.   Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

9.   Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.



U.S. POSTAGE >> PITNEY BOWES

ZIP 23219 $ 007.75⁰
02 4W
0000357781 JUL 11 2019

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7018 1130 0002 2585 0492

W. Edward ReBrook, IV

Attorney at Law
6013 Clerkenwell Court
Burke, Virginia 22015

AJ KHUBANI
One Telebrands Plaza
Fairfield, NJ 07004



# COMMONWEALTH of VIRGINIA

## *Secretary of the Commonwealth*

POST OFFICE BOX 2452                                                    RICHMOND, VIRGINIA 23218-2452

### NOTICE OF SERVICE OF PROCESS

Telebrands Corp., d/b/a Bulbhead                                    7/11/2019
One Telebrands Plaza
Fairfield, NJ 07004
United States


Edward Urbaniak

vs.

Telebrands Corp., d/b/a Bulbhead

**Summons and Complaint
Notice**



Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia
which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below
mentioned court or any attorney of your choice. Our office does not accept payments on behalf
of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed
papers to you.

COURT:

Loudoun County Circuit Court
18 East Market Street, 3rd Floor
PO Box 550
Leesburg, VA 20178

                                        Service of Process Clerk
                                        Secretary of the Commonwealth's
                                        Office

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. ......... CL19-815 .........

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

.......... Loudoun County Circuit Court .......... Circuit Court

.......... EDWARD URBANIAK ..........    v.    TELEBRANDS CORP., d/b/a BULBHEAD

47807 Blockhouse Point Place                One Telebrands Plaza

Sterling VA, 20165                          Fairfield NJ, 07004

---

**TO THE PERSON PREPARING THIS AFFIDAVIT:** You must comply with the appropriate requirements listed on the back of this form.

Attachments:  ☒ Summons and Complaint          ☐ Notice

I, the undersigned Affiant, state under oath that:

☒ the above-named defendant     ☐

whose last known address is   ☐ same as above  ..........

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......... is the hearing date and time on the attached process or notice (if applicable).

5 July 2019
DATE        ☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE    VSB# 84719

State of  Virginia    ☐ City ☒ County of  Fairfax

Acknowledged, subscribed and sworn to before me this day by  W. Edward Rebrock IV

7/5/2019                                    PRINT NAME OF SIGNATORY
DATE

☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC

Notary Registration No. .... 7822223 .... My commission expires: 01/31/2023

☐ Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

CRISTIAN FUNES
Notary Public 7822223
Commonwealth of Virginia
My Commission Expires 01/31/2023

**NOTICE TO THE RECIPIENT** from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On .......... JUL 0 8 2019 .........., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On .......... JUL 1 1 2019 .........., papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

VIRGINIA:

### IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

| | |
|---|---|
| EDWARD URBANIAK, | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| AJ KHUBANI | )   Case No: CL19-815 |
| and | )   **JURY TRIAL DEMANDED** |
| TELEBRANDS CORP. | ) |
| d/b/a BULBHEAD. | ) |
| *Defendants.* | ) |

SERVE:    AJ KHUBANI      SERVE:    TELEBRANDS CORP.,
            One Telebrands Plaza           d/b/a BULBHEAD
            Fairfield, NJ 07004            One Telebrands Plaza
                                                    Fairfield, NJ 07004

### COMPLAINT FOR DAMAGES

COMES NOW your Plaintiff, EDWARD URBANIAK ("Plaintiff"), *by counsel,* who bring this actions against the Defendants, AJ KHUBANI and TELEBRANDS CORP. (individually "Defendant" and collectively as "Defendants"), both jointly and severally, on the grounds and praying for relief hereinafter set forth:

### PARTIES

1.      Plaintiff is a small business owner and a citizen of the Commonwealth of Virginia with his primary residence located at 47807 Blockhouse Point Place, Sterling, Virginia 20165.

2.      On information and belief, Defendant AJ KHUBANI is the CEO and Founder of TELEBRANDS CORP., d/b/a BULBHEAD, and a citizen of the State of New Jersey with his primary business address located at One Telebrands Plaza, Fairfield, NJ 07004 in the County of Essex.

3.      On information and belief, Defendant TELEBRANDS CORP. is, and at all times relevant hereto has been, a Corporation organized in and existing under the laws of the State of New Jersey with its primary business address located at One Telebrands Plaza, Fairfield, NJ 07004.

## JURISDICTION AND VENUE

4.      This is an action for Tortious Interference with Contractual Relations, Defamation, and Common Law Unfair Competition arising under the laws of the Commonwealth of Virginia.

5.      Jurisdiction is proper in this Court, pursuant to § 17.1-513, §8.01-328.1(A)(1), § 8.01-328.1(A)(3), §8.01-328.1(A)(4) and of the Code of Virginia.

6.      Venue is proper in this Court, pursuant to § 8.01-260 and § 8.01-261 of the Code of Virginia.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff runs his own self proprietorship that buys goods from a variety of sources and re-sells them on the Amazon.com marketplace.

8.      Plaintiff's business is his primary source of income.

9.      Among the many items Plaintiff sells, or attempted to sell, are BulbHead Star Shower Window Wonderland, BulbHead Star Shower Slide Show, and Star Shower Motion Laser Light, which he purchased in bulk from Wal-Mart.

10.     On or about November 14 and 15, 2018, Amazon.com removed Plaintiff's product listings after having received complaints from TELEBRAND CORP. for trademark infringement and selling counterfeit BulbHead products.

11.     Plaintiff has never sold a single counterfeit item on the Amazon Marketplace or anywhere else.

12.     On or about March 19, 2019, Amazon.com informed Plaintiff that his account was in jeopardy specifically due to the aforementioned complaints by BulbHead and that he had 72 hours to prove that the BulbHead items that he was selling were not counterfeit or violating BulbHead's IP.

13.     Due to Amazon's listing policies, they would not accept a receipt from Wal-Mart as proof that the items listed were not counterfeit.

14.     On or about March 20, 2019, Plaintiff emailed BulbHead asking them to remove the unfounded complaints, putting Defendants on notice that they had filed a false claim with Amazon.com.

15.     On the same date, Plaintiff contacted Amazon regarding the complaints and how he planned to avoid and deal with future complaints.

16.     On or about March 30, 2019, Amazon deactivated all of Plaintiff's listings, including listings entirely unrelated to BulbHead, cutting off his primary source of income.

17.     On or about April 1, 2019, Plaintiff sent a demand *pro se* letter to BulbHead insisting that they retract their unfounded complaints against him.

18.     On or about April 12, 2019, BulbHead emailed Plaintiff (apparently in response to his 4/1 letter) stating that they had submitted a request to Amazon to remove the complaints that were in "error."

19.     On or about April 13, 2019, after reaching out to Amazon and being unable to confirm BulbHead's withdrawal, Plaintiff replied to BulbHead asking for more information about their withdrawal.

20.     On or about April 14, 2019, after a lack of communication from BulbHead and with his account still deactivated with Amazon, Plaintiff hired counsel to write an attorney demand letter to BulbHead insisting that they contact Amazon to inform them that the counterfeit claims, trademark violation complaints, and other intellectual property complaints were submitted without due diligence.

21.     On or about April 19, 2019, BulbHead emailed Plaintiff with screen shots of their first and second attempts to remove their IP complaints. The screen shots stated that BulbHead's original complaints were "in error."

22.     On or about April 25, 2019, Amazon finally re-activated Plaintiff's account.

23.     On or about April 26, 2019, Defendants' counsel, Robert T. Maldonado, wrote to Plaintiff's counsel informing him that they were in receipt of Plaintiff's demand letter and would respond accordingly within one calendar week.

24.     Apart from the aforementioned April 26 email, neither Defendants nor their counsel have responded.

25.     During the interim from when his account was suspended and reactivated, Plaintiff

lost $17,091.91 USD[1] in revenue which would not have occurred but for Defendants' spurious

complaints filed with Amazon.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

26.     Plaintiff hereby re-alleges all the preceding paragraphs in this Complaint with full

force and vigor as if fully stated herein.

27.     Plaintiffs seeking recovery for Tortious Interference must establish four elements

under Virginia law, including: (i) the existence of a valid contractual relationship or business

expectancy; (ii) knowledge of the relationship or expectancy on the part of the interfering party; (iii)

intentional interference inducing or causing a breach or termination of the relationship or expectancy;

and (iv) resultant damage to the party whose relationship or expectancy has been disrupted.

28.     By the time Defendants had lodged their spurious complaint with Amazon.com,

Plaintiff had an ongoing contractual relationship with Amazon.com for 5 years, generating

approximately $327.534.43 USD in revenue in the 2018 calendar year..

29.     Defendants knowledge of Plaintiffs contractual relationship with Amazon is evident

by the fact that Defendants filed complaints with Amazon regarding Plaintiff's sales and listings of

BulbHead products on the Amazon Marketplace.

30.     Due to Defendants' untrue allegations that Plaintiff was selling counterfeit BulbHead

products on the Amazon Marketplace, where BulbHead also sells the same and other products,

---

1 **Note**: Plaintiffs average expected revenue during the time-frame which his account was deactivated was
approximately $657.38 USD per day. This is based on Plaintiff's average daily revenue from previous years.

Plaintiff's account was deactivated for nearly a month, his listings were removed, and he was unable to make any sales while the matter was ongoing. .

31.     This disruption in sales activity caused a Plaintiff to lose $17,091.91 USD in expected revenue from his Amazon store.

32.     During all times relevant, there was a competitive relationship between the Parties.

33.     Although Defendants had already profited from the sale of their products to Wal-Mart, it is clear that they felt threatened by the fact that a merchant was selling their products for less money on the Amazon Marketplace.

34.     If that competitive relationship between the parties did not exist, Defendants would not have filed their complaints with Amazon in the first place.

35.     At no time before, during, or after the events for which this complaint addresses did Defendants have any reason to believe that the products being sold by Plaintiff were counterfeit.

36.     Regardless of Defendants' knowledge, they filed their misbegotten complaint with Amazon anyway.

37.     Defendants actions amount to "such recklessness or negligence as to evince a conscious disregard of the rights of . . ." the Plaintiff.[2]

38.     Plaintiff has suffered economic damages as a direct result of Defendant's actions.

39.     Accordingly, Defendants are liable, jointly and severally, to Plaintiff for damages to be proven at trial.

---

2   See *Hamilton Dev. Corp. v. Broad Rock Club, Inc.*, 248 Va. 40 (1994).

40.     To the extent permitted under applicable law, the Defendants' conduct warrant an assessment of punitive damages in an amount sufficient to deter such conduct in the future.

41.     The principles of equity and good conscience demand that the Defendants make full and complete restitution to the Plaintiff.

42.     Defendant AJ KHUBANI's actions (and lack of action) at all times relevant, including not responding to Plaintiffs demand letter or Plaintiff's attorney's demand letter in a timely manner after being on notice, demand the piercing of the corporate veil and that Defendant not be given the shield of his company's limited liability protections.

43.     Defendants should be required to disgorge all monies, profits, and gains which they obtained through online sales in the Amazon Marketplace during the period which Plaintiff's account was deactivated, and a Constructive Trust should be imposed thereon for the benefit of the Plaintiff.

## COUNT II

## DEFAMATION OF CHARACTER

44.     Plaintiff hereby re-alleges all the preceding paragraphs in this Complaint with full force and vigor as if fully stated herein.

45.     Under Virginia Law, defamation is a false statement of fact published or communicated to another person that causes injury to the reputation of the subject of the statement.

46.     Defamation *per se* exists when the defamatory statement involves words that: (i) impute commission of a criminal offense involving moral turpitude; (ii) impute infection with some contagious disease; (iii) impute unfitness to perform the duties of an office or employment, or want of integrity in the discharge of such duties, or (iv) prejudice a person in his profession or trade.

47.     Defendants knew, or should have known, that the products which Plaintiff had listed on the Amazon Marketplace were, in fact, genuine BulbHead products.

48.     Defendants knowingly communicated false information to Amazon.com regarding Plaintiffs Amazon listings, claiming they were "counterfeit" BulbHead products.

49.     As a direct result of Defendants' false communication of material fact to Amazon.com, Plaintiff's account was deactivated for nearly a month.

50.     Plaintiff lost $17,091.91 USD in expected revenue during this period, not only from his inability to sell the BulbHead products which he had legally purchased, but also from his inability to sell anything whatsoever during the deactivation period.

51.     Selling counterfeit items under the guise of selling genuine items is a crime of moral turpitude.

52.     To claim that a person is selling counterfeit items under the guise of selling genuine items is a *de facto* insinuation of a want of integrity in the operation of one's business.

53.     False claims of peddling counterfeit products prejudiced Plaintiff in his trade, not only with customers Plaintiff has built a reputation with and sold products to, but also with Amazon.com, with whom Plaintiff had an uninterrupted and successful relationship until the filing of Defendant's defamatory claims.

54.     Defendants' false accusations of peddling counterfeit products has *per se* defamed Plaintiff, resulting in actual damages in an amount to be proven at trial.

55.     Defendants' conduct amounts to a willful and wanton disregard of the Plaintiffs rights.[3]

---

3  See *Coalson v. Canchola,* 287 Va. 242 (2014).

56.     Accordingly, Defendants are liable, jointly and severally, to Plaintiff for damages to be proven at trial.

57.     To the extent permitted under applicable law, the Defendants' conduct warrant an assessment of punitive damages in an amount sufficient to deter such conduct in the future.[4]

58.     The principles of equity and good conscience demand that the Defendants make full and complete restitution to the Plaintiff.

59.     Defendant AJ KHUBANI's actions (and lack of action) at all times relevant demand the piercing of the corporate veil and that Defendant not be given the shield of his company's limited liability protections.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

60.     Plaintiff hereby re-allege all the preceding paragraphs in this Complaint with full force and vigor as if fully stated herein.

61.     Under the Common Law – recognized by Virginia for all English Common Law enacted through the reign of James II of England unless otherwise abrogated by specific Virginia legislation or the United States Constitution – Unfair Competition is a deceptive business practice that causes economic harm to other businesses or to consumers.

62.     Unfair Competition includes the spreading of false information about the quality or characteristics of a competitor's products.

63.     Parties are competitors and Defendants were aware of this fact.

---

4  See *Newspaper Publishing Corp. v. Burke,* 216 Va. 800 (1976) (finding that defamation *per se* claims often support punitive damage claims even in the absence of pecuniary damages.).

64.    Defendants' assertion to Amazon.com that Plaintiff was selling counterfeit products was a false characterization and a misrepresentation which gave Defendants an unfair advantage over Plaintiff.

65.    By reason of the foregoing, the Defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of the common law.

66.    Such conduct on the part of Defendants has caused and will continue to cause damages to Plaintiff in an amount to be determined at trial.

WHEREFORE, the Plaintiff, EDWARD URBANIAK, demands judgment against the Defendants, AJ KHUBANI and TELEBRANDS CORP., d/b/a BULBHEAD, jointly and severally, as follows:

1.    For an award of compensatory damages and lost revenue for economic harm suffered by the Plaintiff at the hands of the Defendants in an amount to be proven at trial, but not less than $17,091.91 USD, including pre- and post-judgment interest;

2.    For punitive damages in the amount of $65,000.00 USD to deter Defendants from engaging is similar conduct in the future;

3.    For Plaintiff's costs, including reasonable attorney's fees[5] and court costs;

4.    For such other and further relief as this Honorable Court deems fair and just;

**PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.**

Dated: May 22, 2019

---

[5] See *Kemp v. Miller*, 166 Va. 661, 680, 186 S.E. 99, 106 (1936) (holding that Plaintiffs are entitled to Reasonable Attorney's Fees under the Bad-Faith Exception to the American Rule for Defendant's vexatious, willful, and wanton behavior as to do justice between the parties.).

EDWARD URBANIAK
*By Counsel*

_____

W. Edward ReBrook, IV, Esquire, VSB #84719
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
571.215.9006
Edward@ReBrookLaw.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing complaint has been served

through the Secretary of the Commonwealth of Virginia this 18th day of June, 2019 upon

Defendants AJ KHUBANI and TELBRANDS CORP at the following address:

One Telebrands Plaza
Fairfield, NJ 07004

_____

W. Edward ReBrook, IV
*Counsel for the Plaintiff*



W. Edward ReBrook, IV

Attorney at Law
6913 Clarkemeof Court
Burke, Virginia 22015

**CERTIFIED MAIL®**

7018 1130 0002 2585 0485

TELEBRANDS CORP.,
d/b/a BULBHEAD
One Telebrands Plaza
Fairfield, NJ 07004

POSTAGE >> PITNEY BOWES

$ 007.10⁰

ZIP 23219
02 4W
0000357781 JUL 11 2019

7/17/19

07004$1060 C045